UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LOL Finance Co., | CA: 4:21-cv-02490-JD |
| Plaintiff, | |
| v. | ORDER |
| C & S of Lake View, LLC, Olene Page Cox and Shirley Cox Scott, | |
| Defendants. | |

In this debt collection action involving a $115,3823.23 loan (including principal and interest as of May 1, 2022), Plaintiff LOL Finance Co., ("Plaintiff" or "LOLFC") seeks summary judgment against Defendants C & S of Lake View, LLC, Olene Page Cox and Shirley Cox Scott (collectively "Defendants") for breach of contract because Defendants are in default of their payment obligations. (DE 30.) Defendants have not filed a response or otherwise objected to LOLFC's motion for summary judgment.[1] After reviewing the motion, memoranda, and record in this case, the Court grants LOLFC's Motion for Summary Judgment (DE 9) for the reasons stated herein.

## BACKGROUND

LOLFC is engaged in the business of providing loans to agricultural producers, including crop producers. (DE 9-2, ¶ 2.) Defendants are or were engaged in the business of raising crops in or around Lake View, South Carolina. (DE 9-2, ¶ 3.) In November 2018, LOLFC agreed to provide Defendants with a loan in the principal amount of $150,000.00 to finance Defendants'

---

[1]     As provided in the Court's Conference and Scheduling Order, "[a]s a general rule, when no timely response is filed to any motion, the Court will grant the motion with the notation that it is being 'granted without opposition.'" (DE 10, p. 2, n. 4.)

1

farming operation ("Loan").  The Loan was made to allow Defendants to purchase inputs from Southern States Cooperative for Defendants' farming operation. (DE 9-2, ¶ 4.)  To implement the Loan, Defendants executed and delivered to LOLFC an Application/Master Note/Security Agreement ("Loan Agreement").  (DE 9-2, ¶ 4.)  To confirm the Loan, LOLFC issued a Loan Commitment to Defendants on November 6, 2018. (DE 9-2, ¶ 5.)  The Loan Agreement and Loan Commitment comprise the contract between LOLFC and Defendants relating to the Loan.  (Id.)  The Loan Commitment provides that use by Defendants of the credit offered by LOLFC constituted acceptance of the terms of the Loan Commitment. (DE 9-2, ¶ 6.)  Defendants received and used the Loan provided to them by LOLFC.  (Id. at ¶ 6).

Under the terms of the Loan Agreement and Commitment, Defendants jointly and severally promised to pay LOLFC the principal sum of $150,125.00 (original principal amount of $150,000.00 plus loan origination fees in the amount of $125.00), plus interest at the rate of 1.50% per year, on or before February 1, 2020, which was the "Maturity Date" for the Loan.  (DE 9-2, ¶ 7.)  Failure by Defendants to pay all principal and interest due under the Loan on the Maturity Date constituted an "Event of Default" under the Loan Agreement.  (DE 9-2, pp. 6-7, Sect. 8.)  Upon the occurrence of an Event of Default, all principal and interest under the Loan became immediately due and payable to LOLFC without notice to or demand upon Defendants.  (Id.)  Defendants agreed to pay interest after the Maturity Date at the prime rate as reported in the Wall Street Journal.  (DE 9-2, ¶ 10.)

Defendants committed an Event of Default under the Loan Agreement by failing to pay the principal and interest due under the Loan on or before the Maturity Date of February 1, 2020.  (DE 9-2, ¶ 9.)  Consequently, as of February 2, 2020, the interest rate under the Loan increased to a rate equal to the prime rate reported in the Wall Street Journal, which was 4.750% per year.  (DE 9-2, ¶ 10.)  Despite demand, Defendants have not paid the amounts due under the Loan.  (DE 9-2,

¶ 11.) As of May 1, 2022, Plaintiffs owed LOLFC a total of $115,823.50 under the Loan ($101,437.75 plus $14,385.75 in interest). (DE 9-2, ¶ 12.) Interest has accrued on the unpaid principal balance due under the Loan since May 1, 2021, and will continue to accrue in the future, at the rate of $14.55 per day. (DE 9-2, ¶ 13.)

LOLFC commenced this action against Defendants on August 6, 2021. (DE 1.) In its Complaint, LOLFC asserted claims against Defendants for breach of contract and replevin. (Id.) LOLFC asks this Court to grant summary judgment as to its breach of contract against Defendants, jointly and severally, in the amount of $115,823.50 plus interest. (DE 9-1, p. 4.)

## **LEGAL STANDARD**

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' if proof of its existence or non-existence would affect disposition of the case under applicable law. An issue of material fact is 'genuine' if the evidence offered is such that a reasonable jury might return a verdict for the non-movant." Wai Man Tom v. Hosp. Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) (citation omitted). Once the movant has made this threshold demonstration, the nonmoving party, to survive the motion for summary judgment, must demonstrate specific, material facts that give rise to a genuine issue. Celotex Corp., 477 U.S. at 323. Under this standard, 'the mere existence of a scintilla of evidence' in favor of the non-movant's position is insufficient to withstand the summary judgment motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion." Wai Man Tom, 980 F.3d at 1037.

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Jacobs v. N.C. Admin. Office of the Courts, 780

F.3d 562, 568 (4th Cir. 2015) (quoting 10A Charles A. Wright et al., Federal Practice & Procedure § 2728 (3d ed. 1998)). "The court may grant summary judgment only if it concludes that the evidence could not permit a reasonable jury to return a favorable verdict." Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021). "Therefore, courts must view the evidence in the light most favorable to the nonmoving party and refrain from weighing the evidence or making credibility determinations." Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted and alterations adopted). A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party. Id. at 659-60.

## DISCUSSION

LOLFC contends this Court should grant it summary judgment because there is no dispute that Defendants committed an Event of Default by failing to pay all principal and interest due under the Loan by the February 1, 2020, Maturity Date. (DE 9-1, p. 7.) The Court agrees. "In an action for breach of contract, the burden is on the plaintiff to prove the contract, its breach, and the damages caused by such breach." Allegro, Inc. v. Scully, 418 S.C. 24, 34, 791 S.E.2d 140, 145 (S.C. 2016). It is undisputed that the parties entered the Loan and Defendants have not made payment when due or demanded under the terms of the Loan. (DE 9-2, pp. 6-7, Sect. 8.) In addition, LOLFC has demonstrated that it has been damaged by the breach because it has not been paid the amount due under the loan. As of May 1, 2022, Plaintiffs owed LOLFC a total of $115,823.50 under the Loan ($101,437.75 plus $14,385.75 in interest). (DE 9-2, ¶ 12.) Furthermore, interest has accrued on the unpaid principal balance due under the Loan since May 1, 2021, and will continue to accrue in the future, at the rate of $14.55 per day. (DE 9-2, ¶ 13.) "It is the court's duty to enforce the contract regardless of its wisdom or folly or apparent unreasonableness." D.A. Davis Constr. Co. v. Palmetto Properties., Inc., 281 S.C. 415, 418, 315

S.E.2d 370, 372 (S.C. 1984). Furthermore, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56, Fed. R. Civ. P. Accordingly, the Court finds summary judgment is appropriate here given Defendants' failure to respond or otherwise object to the Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (DE 9) is granted against Defendants, jointly and severally, in the amount of $115,823.50, plus additional interest at the rate of $14.55 per day from May 1, 2022, through the date of entry of judgment.

**AND IT IS SO ORDERED.**

                                                  Joseph Dawson, III
                                                  United States District Judge

November 4, 2022
Florence, South Carolina